IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:03-CR-0299 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ALVIN WESLEY GEORGE, | : | |
| Defendant. | : | |

**O R D E R**

May 23, 2005

**BACKGROUND:**

On March 10, 2005, a jury found defendant Alvin Wesley George, Jr., guilty on all counts of a five-count superseding indictment charging him with shipping and transporting, receiving and distributing, and possessing child pornography. On March 29, 2005, George filed a motion for a new trial. On May 2, 2005, the court *sua sponte* afforded George an additional ten days to file a brief in support of his motion to avoid his motion being considered withdrawn pursuant to Local Rule 7.30. The government filed an opposition brief on May 20, 2005. The court sees no need to await a reply brief and will now deny George's motion for the following reasons.

**DISCUSSION:**

George argues that he should be afforded a new trial because (1) the court erroneously excluded Defense Exhibit 1, a note purportedly written by George to his cousin Nicky and her friends about their use of his computer during the critical time when child pornography was found on his computer hard drive, and (2) the government allegedly told one of George's subpoenaed witnesses, James Smeal, to leave before he could be questioned by the defense.  Both arguments are without merit.

The court excluded the handwritten note as hearsay.  Hearsay "is a statement [an oral or written assertion], other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  The note was clearly hearsay because it was a written assertion, i.e., a statement, see Fed. R. Evid. 801(a), made out of court and offered to prove the truth of the matter asserted, namely, that others were using his computer around the time of the charged offenses and that he admonished them about such use.

At trial, George failed to articulate any hearsay exception or exemption that would permit the admission of the note.  Thus, the court had no basis to admit the note.  Even if the note should have been admitted, its exclusion was harmless

because George himself testified at trial about the same matter asserted in the note, effectively making the note cumulative.  See Fed. R. Crim. P. 52(a); see United States v. Mitchell, 31 F.3d 628, 632 (8th Cir. 1994).

George's second argument is equally without merit.  George never asked the court for additional time to locate the errant James Smeal.  Given that George raises this issue for the first time now, the issue is unpreserved and waived.  See Fed. R. Crim. P. 51(b).  Now, after trial, George offers only the unsworn assertion that the government misled Smeal into leaving before the defense could call him.

Incidentally, a similar unsworn assertion was offered in the sole case cited by George in support of his position, United States v. Reese, 561 F.2d 894, 903 (D.C. Cir. 1977).  The Reese court summarily rejected the argument that a defendant's unsworn assertion alone warrants a new trial due to government interference with witnesses.  We agree, and reject George's argument for the same reason. Additionally, the government denies interfering with defense witnesses and the court has no reason to doubt the candor of the Assistant United States Attorney. See LaSalle Nat'l Bank v. First Connecticut Holding Group, L.L.C., 287 F.3d 279, 293 (3d Cir. 2002).  Finally, George claims that Smeal would have been an alibi witness.  The court is unaware of whether the defense ever served notice of an alibi defense pursuant to Rule 12.1.  Consequently, George's argument would be

considered waived for this reason as well.

**NOW, THEREFORE, IT IS ORDERED THAT:**

George's motion for a new trial (Rec. Doc. No. 84), is denied.

 s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
