IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:03-CR-0299 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ALVIN WESLEY GEORGE, | : | |
| Defendant. | : | |

**O R D E R**

June 16, 2005

**BACKGROUND:**

Defendant Alvin Wesley George is scheduled to surrender voluntarily today to the Bureau of Prisons (BOP). Filed today, and now before the court, is defendant's *pro se* motion to delay his voluntary surrender until he makes proper arrangements to receive medical treatment for his liver condition while incarcerated.[1] At sentencing, the court afforded George three weeks to get all of his affairs in order before voluntarily surrendering. George, though, was only advised of which BOP facility he was designated to this morning, the day on which

---

[1] Typically the court will not rule on a party's *pro se* motion when a party is represented by counsel. Given that George's counsel recently filed a motion to withdraw in which George concurs, the court will rule on George's *pro se* motion without referring the motion to counsel.

he is scheduled to voluntarily surrender.  He therefore seeks "a few more days" to ensure that he receives proper medical treatment for his liver condition while incarcerated.

Subsequent to filing his motion, George called the court this afternoon while on his way to his designated institution and informed the court clerk that he is not currently prescribed any medication for his liver condition.  George's doctor, Dr. William R. Somers, M.D., of Williamsport, (whom George visited once), did not prescribe any treatment plan because of the pendency of George's voluntary surrender.  George indicated that Dr. Somers wanted to discuss any such plan with BOP medical personnel at the institution of incarceration.

The United States Probation Office informed the court that George can discuss his liver condition with BOP medical personnel upon arrival at his designated institution.  BOP medical personnel can arrange for a proper course of treatment after consultation with Dr. Somers.  The Probation Office has already facilitated communication between the BOP medical department and another doctor treating George for narcotic dependence so that George will continue to "wean off" the medication he currently receives for that condition.  Nothing suggests that similar arrangements cannot be made with respect to George's liver condition.

Overall, given that George is not currently prescribed any medication for his liver condition, and that BOP medical personnel can take all necessary steps to address George's condition, the court will deny George's *pro se* motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

George's *pro se* motion seeking to delay his voluntary surrender (Rec. Doc. No. 94), is denied.

s/Muir
Malcolm Muir
United States District Judge